UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------x
JERMAIN DELISTON,

                       Plaintiff,                    **COMPLAINT**

          -against-                        Jury Demand

SAPITO'S NYC, BRONX SPORTS EMPORIUM LTD.,
YAIRTON GARCIA,

                       Defendants.
------------------------------------------------------------------x

Plaintiff JERMAIN DELISTON (hereinafter "Plaintiff") by and through his attorneys, Vik Pawar, and Robert Blossner, Esqs., respectfully alleges as follows:

## PRELIMINARY STATEMENT

1. Plaintiff brings this action for compensatory damages, and injunctive relief, attorney's fees and costs (including, but not limited to, court costs and expert fees) pursuant to 42 U.S.C. §12181, et. seq., of the AMERICANS WITH DISABILITIES ACT ("ADA"), the NEW YORK CITY HUMAN RIGHTS LAW ("NYCHRL"), and the NEW YORK STATE HUMAN RIGHTS LAW ("NYSHRL") and NYC ADMINISTRATIVE CODE against the defendants.

## JURISDICTION

2. The action is brought pursuant to 42 U.S.C. §12181, et. seq.

3. Jurisdiction is found upon 28 U.S.C. §§1331, 1343 and 1367.

**VENUE**

4. Venue is properly laid in the Southern District of New York under 28 U.S.C. § 1391(b), in that it is the District in which the claim arose.

**JURY DEMAND**

5. Plaintiffs respectfully demand a trial by jury of all issues in the matter pursuant to Fed. R. Civ. P. 38 (b).

6. The remedies provided by the New York State Human Rights Law Against Discrimination are not exclusive and state administrative remedies need not be exhausted in connection with suits brought under the Federal Civil Rights Act.

7. Plaintiff is a resident of the City of New York, County of Bronx and State of New York, and suffers from what constitutes a "qualified disability" under the Americans With Disability Act of 1990, and uses a wheelchair for mobility. Plaintiff is 39 years old and suffers from muscular dystrophy. Plaintiff was diagnosed of this condition since he was 5 years old. Plaintiff's condition is getting progressively worse.

8. Defendant Sapito's NYC is conducting business as a sports bar in the City, County and State of New York.

9. Defendant Bronx Sports Emporium Ltd., is upon information and belief, a New York Corporation that is also in the service business and exerts controls over Sapito's NYC.

10. Sapito's and Bronx Sports Emporium (hereinafter "Defendant") control, operate, manage, maintain and are responsible for the sports bar located at 172 East 106th street, NY, NY 10029 (hereinafter "subject premises").

11. Yairton Garcia is an individual who upon information and belief an owner of the defendant corporation and sports bar.

12. On February 6, 2016, Plaintiff went to the subject premises to visit the sports bar.

13. Plaintiff was unable to gain entrance because of physical barriers at the subject premises. Plaintiff has been denied full and equal access to, and full and equal enjoyment of, the facilities at the subject premises, which is the subject of this lawsuit. Plaintiff was told that when he came to the location few weeks earlier, the worker who helped him get inside the subject premises hurt his back and that he was no longer welcome there because they could not risk anyone getting hurt because the subject premises did not have the requisite ramps to allow plaintiff's wheelchair inside.

14. Plaintiff had always wanted to go to the subject premises to enjoy the atmosphere at the sports bar but was not able to.

15. Plaintiff desires and hopes to return to the sports bar that is enjoyed by individuals who are not handicapped or similarly situated like plaintiff.

## AS AND FOR A FIRST CAUSE OF ACTION
(Violations of the American with Disabilities Act)

16. Plaintiff repeats and realleges the foregoing paragraphs as if fully set forth herein.

17. On or about July 26, 1990, Congress enacted the Americans With Disabilities Act ("ADA"), 42 U.S.C. §12101, et. seq. Commercial enterprises were

provided one and a half years from enactment of the statute to implement its requirements. The effective date of the Title III of the ADA was January 26, 1992.

18. In enacting the ADA, Congress found, among other things, that:

(i) some 43,000,000 Americans have one or more physical or mental disabilities, and this number shall increase as the population continues to grow older;
(ii) historically, society has tended to isolate and segregate individuals with disabilities, and, despite some improvements, such forms of discrimination against disabled individuals continue to be a pervasive social problem, requiring serious attention;
(iii) discrimination against disabled individuals persists in such critical areas as employment, housing, public accommodations, transportation, communication, recreation, institutionalization, health services, voting and access to public services and public facilities;
(iv) individuals with disabilities continually suffer forms of discrimination, including outright intentional exclusion, the discriminatory effects of architectural, transportation, and communication barriers, failure to make modifications to existing facilities and practices. Exclusionary qualification standards and criteria, segregation, and regulation to lesser services, programs, benefits, or other opportunities; and,
(v) the continuing existence of unfair and unnecessary discrimination and prejudice denies people with disabilities the opportunity to compete on an equal basis and to pursue those opportunities for which our country is justifiably famous, and costs the United States billions of dollars in unnecessary expenses resulting from dependency and non-productivity.

19. Pursuant to 42 U.S.C. §12181(7) and 28 C.F.R. §36.104, the subject premises is a place of public accommodation in that it is an establishment operating as a restaurant that provides goods and services to the public. More specifically, the subject premises is a famous steak restaurant and is well known for their food and service.

20. Pursuant to 42 U.S.C. §12181(7) and 28 C.F.R. §36.104, subject premises is a public accommodation covered by the ADA and which must be in compliance therewith.

21.     Plaintiff is informed and believes, and therefore alleges, that the subject premises has begun operations since January 26, 1990, and/or has sufficient income to make readily achievable accessibility modifications.

22.     Defendants have discriminated, and continue to discriminate, against the Plaintiff, and others who are similarly situated, by denying full and equal access to, and full and equal enjoyment of, goods, services, facilities, privileges, advantages and/or accommodations at the subject premises, in derogation of 42 U.S.C. §12101, et. seq., and as prohibited by 42 U.S.C. §12182, et. seq., and by failing to remove architectural barriers pursuant to 42 U.S.C. §12182(b)(2)(a)(iv), where such removal is readily achievable.

23.     The Plaintiff has been unable to, and continues to be unable to, enjoy full and equal safe access to, and the benefits of, all the accommodations and services offered at Defendants' Property. Prior to the filing of this lawsuit, Plaintiff personally visited Defendants' Property, with the intention of using Defendants' facilities, but was denied access to the subject premises, and therefore suffered an injury in fact. In addition, Plaintiff continues to desire to visit the subject premises in the future, but continues to be injured in that he is unable to and continues to be discriminated against due to the architectural barriers which remain at subject premises, all in violation of the ADA, and the New York State and City Human Rights Law.

24.     Pursuant to the mandates of 42 U.S.C. §12134(a), on July 26, 1991, the Department of Justice, Office of the Attorney General, promulgated Federal Regulations to implement the requirements of the ADA, known as the Americans with Disabilities Act Accessibility Guidelines (hereinafter "ADAAG"), 28 C.F.R. Part 36, under which

and/or alterations, since January 26, 1990, and/or has sufficient income to make readily achievable accessibility modifications.

25. Defendants have discriminated, and continue to discriminate, against the Plaintiff, and others who are similarly situated, by denying full and equal access to, and full and equal enjoyment of, goods, services, facilities, privileges, advantages and/or accommodations at subject premises, in derogation of 42 U.S.C. §12101, et. seq., and as prohibited by 42 U.S.C. §12182, et. seq., and by failing to remove architectural barriers pursuant to 42 U.S.C. §12182(b)(2)(a)(iv), where such removal is readily achievable.

26. Upon information and belief, there are other current violations of the ADA at Defendants' Property, and only once a full inspection is done can all said violations be identified.

27. To date the architectural barriers, the removal of which is readily achievable, and other violations of the ADA still exist and have not been remedied or altered in such a way as to effectuate compliance with the provisions of the ADA.

28. Pursuant to the ADA, 42 U.S.C. §12101et seq., and 28 C.F.R. §36.304, the Defendants were required to make the Subject Premises, a place of public accommodation, accessible to persons with disabilities since January 28, 1992. To date, the Defendants have failed to comply with this mandate.

29. Pursuant to 42 U.S.C. §12188, this Court is vested with the authority to grant the Plaintiff's injunctive relief; including an order to alter the subject premises to make them independently accessible to, and useable by, individuals with disabilities to the extent required by the ADA, and closing the subject facilities until the requisite modifications are completed.

## AS AND FOR A SECOND CAUSE OF ACTION
(Violations of NYC Human Rights Law)

30. Plaintiff repeats and realleges the foregoing paragraphs as if fully set forth herein.

31. The New York City Human Rights Law provides:

(a) It shall be an unlawful discriminatory practice for any person, being the owner, lessee, proprietor, manager, superintendent, agent or employee of any place or provider of public accommodation because of the actual or perceived … disability … of any person, directly or indirectly, to refuse, withhold from or deny to such person any of the accommodations, advantages, facilities or privileges thereof … to the effect that any of the accommodations, advantages, facilities and privileges of any such place or provider shall be refused, withheld from or denied to any person on account of … disability …

NYC Admin. Code § 8-107(4)(a).

32. Defendants are in violation of the New York City Human Rights Law by denying the Plaintiff full and safe access to all of the benefits, accommodations and services of the Subject Premises.

## AS AND FOR A THIRD CAUSE OF ACTION
(Violations of NYS Human Rights Law)

33. Plaintiff repeats and realleges the foregoing paragraphs as if fully set forth herein.

34. The New York State Human Rights Law provides:

(a) It shall be an unlawful discriminatory practice for any person, being the owner, lessee, proprietor, manager, superintendent, agent or employee of any place of public accommodation…. because of the … disability … of any person, directly or indirectly, to refuse, withhold from or deny to such person any of the accommodations, advantages, facilities or privileges thereof … to the effect that any of the accommodations, advantages, facilities and privileges of any such place shall be refused, withheld from or denied to any person on account of … disability …

NYS Exec. Law § 296 (2)(a).

7

35. Defendants' Property is a place of public accommodation as defined in the New York State Human Rights Law.

36. The Defendants have further violated the New York State Human Rights Law by being in violation of the rights provided under the ADA.

37. Defendants are in violation of the New York State Human Rights Law by denying the Plaintiff full and safe access to all of the benefits, accommodations and services of the Subject Premises.

## AS AND FOR A FOURTH CAUSE OF ACTION
(Violations of NYC Administrative Code)

38. Plaintiff repeats and realleges the foregoing paragraphs as if fully set forth herein.

39. The Defendants have subjected, and continues to subject, Plaintiff to disparate treatment by directly and/or indirectly refusing, withholding, and denying the full accommodations of the Subject Premises, and advantages, facilities and privileges of its place of public accommodation, all because of disability, in violation of Administrative Code § 8-107(4).

40. The Defendants have discriminated against Plaintiff in violation of Administrative Code of the City of New York, § 8-107(4), and Local Law 58 by maintaining and/or creating an inaccessible place of public accommodation.

41. The Local Civil Rights Restoration Act of 2005 (the "Restoration Act"), also known as Local Law 58, clarified the scope of the Administrative Code in relation to the New York City's Human Rights Law. The Restoration Act confirmed the legislative

intent to abolish "parallelism" between the Administrative Code and the Federal and New York State anti-discrimination laws by stating as follows:

> The provisions of this title shall be construed liberally for the accomplishment of the uniquely broad and remedial purposes thereof, regardless of whether federal or New York State civil and human rights laws, including those laws with provisions comparably-worded to provisions of this title, have been so construed.

Restoration Act § 7 amending Administrative Code § 8-130.

42. As a direct and proximate result of the Defendants' unlawful discrimination, in violation of Administrative Code of the City of New York, Plaintiff has suffered an injury in fact.

43. The Defendants' long-standing refusal and/or lack of effort to make the Subject Premises fully accessible was egregious and undertaken with reckless disregard to Plaintiff's rights under the Administrative Code.

44. By failing to comply with the law in effect for decades, the Defendants have articulated to disabled persons, such as the Plaintiff, that they in effect are not welcome and not desired as patrons of its place of public accommodation.

45. The Defendants unlawful discriminatory conduct constitutes willful and/or wanton violations of the Administrative Code for which Plaintiff is entitled to an award of punitive damages. Administrative Code § 8-502.

**WHEREFORE**, the Plaintiff hereby demands judgment against the Defendants and requests the following injunctive and declaratory relief:

A. The Court declares that the subject property and Subject Premises owned, operated, leased, controlled and/or administered by the Defendants are violative of the ADA, the New York City Human Rights Law, and of the New York State Human Rights Law and NYC Admin. Code;

B. The Court enter an Order requiring the Defendants to alter their facilities and amenities to make them accessible to and usable by individuals with disabilities to the full extent required by the Title III of the ADA and by NYCHRL, NYC Admin. Code and the NYSHRL;

C. The Court enter an Order directing the Defendants to evaluate and neutralize their policies, practices and procedures toward persons with disabilities, for such reasonable time so as to allow the Defendants to undertake and complete corrective procedures to the Subject Premises;

D. Award plaintiff compensatory damages in the amount of One Thousand Dollars ($1,000.00) or an amount determined by a jury;

E. Award plaintiff punitive damages for an amount determined by a jury;

F. Provide injunctive relief;

G. The Court award reasonable attorney's fees, all costs (including, but not limited to court costs and expert fees) and other expenses of suit, to the Plaintiff; and

H. The Court award such other and further relief as it deems necessary, just and proper.

Dated: New York, New York,
April 28, 2016

Respectfully submitted,

By: _____
Vik Pawar (VP9101)
Robert Blossner (RB0526)
*Attorneys for Plaintiff*